## Joseph W. Smith v. Selina Smith.

1. VERDICTS.—*Can Not Be Impeached by Statement of Juror.*—The
statement of a juror, sworn or unsworn, however clear, is not compe-
tent to impeach a verdict rendered by a jury of which he was a mem-
ber.

2. PLEADING.—*Allegation of Want of Jurisdiction.*—In a suit for
divorce the plaintiff filed an amendment to his bill alleging that the
defendant had been previously married; that such prior marriage had

never been legally dissolved, and that a pretended divorce was granted without jurisdiction of one of the parties and was therefore void. This was averred however not absolutely, but "as shown by a bill filed to set aside the said decree of divorce." The amendment also stated that the latter bill was still pending. *Held*, that a demurrer to the amendment was properly sustained.

**Bill for Divorce.**—Appeal from the Circuit Court of Douglas County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 19, 1896.

J. M. NEWMAN and I. A. BUCKINGHAM, attorneys for appellant.

THOMAS W. ROBERTS and ECKHART & MOORE, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

On August 5, 1895, appellant filed his original bill herein against appellee for divorce, on the ground of extreme and repeated cruelty. It alleges that they were lawfully married at Joliet, Illinois, on October 8, 1893, and cohabited until some time in July, 1895, when she left him and went to Chicago. · Appellee answered, denying the charge, and filing a cross-bill averring extreme and repeated cruelty on his part, which he by answer denied. Replications were put in by the parties respectively. On the issues so made up, the jury found for the defendant in the original, and complainant in the cross-bill. A new trial was denied, and a decree entered for appellee for divorce and alimony.

Besides the point that the finding was against the evidence, which is discussed at unusual length, the argument for appellant calls attention to only two points in respect to which it is claimed the court erred.

.One of the reasons assigned for the motion to set aside the verdict was, that in the evening after it was returned, one of the jurors being asked how they came to render·such a verdict upon the evidence, answered in the presence of several parties, in substance, that they all thought that appellant was entitled to it, but gave it to appellee because

both wanted a divorce, and the jury thought she ought to have something but wouldn't get anything if they found for him. This is said to have been supported by affidavits of the persons so present. Neither of these is copied in the abstract, and only one purports to be stated in substance. From that the language of the juror does not appear, nor that of any other as stated by him, if any was stated, from which he formed the opinion of what they "thought."

But the statement of a juror, however clear, sworn or unsworn, is not competent to impeach the verdict. The court therefore properly disregarded it.

Before the commencement of the trial appellant, on leave for that purpose obtained, filed an amendment to the original bill, alleging that on or about the 14th of August, 1883, the defendant was lawfully joined in marriage with one Bernard Iago, in Chicago, and cohabited with him until about the 25th of May, 1887, when he became insane, and being so found by a commission duly impanneled, was taken to the hospital at Dunning, where he has remained confined ever since; that about the 10th of June, 1893, while he was so confined, the defendant, then his wife, filed her bill in the Circuit Court of Cook County for a divorce from him on the grounds of extreme and repeated cruelty, habitual drunkenness and desertion; that on the 13th of September 1893, a decree for her divorce was obtained thereon; that no legal service of summons in said proceeding on said Iago was had, and said decree was made by said court without any jurisdiction of his person, and upon false and perjured testimony furnished, produced and given by said defendant.

All this is averred in the amendment, not absolutely, but "as shown by the bill filed by said Bernard Iago in the said Cook County Circuit Court by his next friend, Anna Brock, in case No. 145,564, to set aside the said decree of divorce," a copy of which said bill is attached to the amendment as an exhibit and made part of it. And it further avers that said Bernard, by his said next friend, has procured a certificate of evidence in said divorce proceeding and sued out a

writ of error from the Appellate Court to reverse said decree, and said cause is now pending on said writ of error.

From the abstract it appears that this amendment was filed as a separate pleading or paper, after the issues had been made up, and that a "demurrer" thereto was sustained. Whatever was the form in which the matter was presented to the court, it does not appear that any objection was made to it, nor that any exception was taken to the order of the court thereon, though it is here urged as a grave error.

The amendment was manifestly impertinent. It admitted a decree for appellee's divorce from her former husband, rendered by the Circuit Court of Cook County, where both the parties then resided, nearly a month before her marriage to appellant, and that the question of its validity raised since said marriage, is regularly pending before the court that rendered it, or that which alone had power to review it, or both. Appellant did not offer the record of that decree as evidence against appellee, upon a prayer that the marriage in fact be declared void in law *ab initio*. In such case, if the record on its face showed that the decree was rendered without jurisdiction of his person, the court might have entertained objection on that ground and excluded it. But here both the original and cross-bill made and rested upon the allegation of a lawful marriage between the parties and asked a divorce for a cause afterward arising. The amendment did not set out the decree or summons or return thereof, in *hæc verba* or in substance or legal effect, nor aver any facts showing a want of jurisdiction of the person of Iago or the character of the evidence produced on the hearing of that case, but only that it was so averred in the bill filed on his behalf to set aside the decree, and that the proceedings on that bill or, if not also on review of the decree therein by the Appellate Court, were still pending.

In that state of the case the Circuit Court of Douglas County had no power, upon the matter thus presented, to entertain the question of the validity of that decree, and the amendment was properly ruled out.

As to the remaining questions, which were purely questions of fact—whether each of the parties, or either and which, had been guilty of extreme and repeated cruelty to the other—the evidence was so conflicting that we can not properly overrule the finding of the jury. The decree will therefore be affirmed.